IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02293-PSF-MEH

BRAND MANAGEMENT, INC., a Colorado corporation
and SUSHI REDI, INC., a Colorado corporation,

      Plaintiffs,
v.

MARYLAND CASUALTY COMPANY, a Maryland corporation
and ZURICH NORTH AMERICA SERVICES, an Illinois corporation,

      Defendants.
_____

**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER**
_____

Defendant Maryland Casualty Company filed a Motion for Protective Order and Motion to Quash Subpoena [Docket #18] requesting that Plaintiffs be denied access to information regarding Crawford & Company's suggested loss reserves. The matter is fully briefed and has been referred to this Court [Docket #19]. Oral argument would not materially assist the Court in adjudicating this motion. As set forth below, the Court **denies** the Motion for Protective Order.

**I.**    **Facts**

Plaintiffs purchased an insurance policy from Defendants and sought coverage based on losses allegedly covered by the policy. These losses occurred when contamination from a neighboring plant entered Plaintiffs' plant via shared sewage lines. Defendant Maryland Casualty Company ("Maryland Casualty") tendered to Plaintiffs the amount it claims is due under the policy, which is not the full amount Plaintiffs believe is reimbursable. Plaintiffs, therefore, instituted a state court action alleging breach of contract and bad faith breach of contract. Defendants removed the action to federal court and filed a counterclaim against Plaintiffs. Defendants allege that Plaintiffs discovered the

contamination prior to purchasing the insurance policy and that the non-reimbursed expenses were not covered by the terms of the policy. Defendants' counterclaims seek relief for false misrepresentation/concealment and reimbursement for the amount originally paid under the policy.

The instant motion relates to a subpoena served on a third party, Crawford & Company, requiring Crawford to produce all documents relating to Plaintiffs. Maryland Casualty hired Crawford to investigate Plaintiffs' insurance claim. These documents, therefore, include information relating to suggested loss reserves, which Maryland Casualty alleges is proprietary and confidential.

Maryland Casualty argues that information regarding Crawford's suggested loss reserves is not discoverable because it will not lead to the discovery of admissible evidence in part because any suggested loss reserve does not constitute an admission of liability. In response, Plaintiffs contend that the suggested reserve loss could indicate whether the lower payment made by Maryland Casualty for the insurance claim constitutes bad faith. Plaintiffs further argue that the scope of discovery under the Federal Rules includes all information that bears on any issue in the case, not simply information that may lead to admissible evidence.

**II.     Discussion**

A party can only object to a subpoena served on a nonparty if that party asserts a personal right or privilege in the information sought. *Johnson v. Gmeinder*, 194 F.R.D. 638, 640 n.2 (D. Kan. 2000). Maryland Casualty claims that the information is proprietary because it hired Crawford to investigate Plaintiffs' insurance claim, and Crawford acted as Maryland Casualty's agent. Thus, Maryland Casualty has standing to attack the subpoena as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

> The scope of evidence that is subject to discovery under the federal rules is broad:
>
> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004).

Courts allowing discovery on loss reserves have based their reasoning in part on the duty owed to an insured by the insurance company that is the subject of the bad faith claim. *Silva v. Basin Western, Inc.*, 47 P.3d 1184 (Colo. 2002) (citing cases). In fact, the Supreme Court of Colorado has noted that loss reserves are more likely to be relevant in a first-party insurance claim than in a third-party claim. *Id.* at 1193. "In a first-party claim, the insurance company owes a duty to its insured to adjust a claim in good faith . . . . The establishment of reserves and settlement authority could be relevant and reasonably calculated to lead to admissible evidence regarding whether the insurance company adjusted a claim in good faith or made a prompt investigation, assessment, or settlement of a claim." *Id.* Nonetheless, loss reserves are not sufficient to alone determine whether the insurance company acted in bad faith. The Tenth Circuit has concluded, "We are also unwilling to infer that 'settlement authority invariably constitutes a final, objective assessment of a claim's worth to which an insurer may be held on penalty of bad faith.'" *Signature Dev. Cos. v. Royal Ins. Co. of Am.*, 230 F.3d 1215, 1223-24 (10th Cir. 2000).

Here, Maryland Casualty argues that the loss reserves provide no relevant information that cannot already be ascertained from the rest of Crawford's file. Crawford's investigation and assessment of the claim will establish whether the investigation was prompt and how the assessment was handled. The only manner in which the loss reserves appear to assist the Plaintiffs is in assessing how Maryland Casualty valued the claim. Although the Tenth Circuit expressly rejected the use of loss reserves as sufficient evidence to establish bad faith, the Court did not conclude that loss reserves can never be relevant. This Court believes that whether the loss reserves are ultimately relevant to the issue of bad faith should be left to the District Judge to determine prior to or at trial. Thus, the Court concludes that Defendant Maryland Casualty's Motion for Protective Order should be denied.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant Maryland Casualty Company's Motion for Protective Order and Motion to Quash Subpoena Pursuant to Fed. R. Civ. P 26(c) and 45(c)(2)(B) [Filed April 27, 2006; Docket #18] is **denied**. Plaintiff has set forth a sufficient showing of relevance for the purposes of the broad scope of discovery allowed under Rule 26(b).

Dated at Denver, Colorado, this 14th day of June, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge