IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02293-PSF-MEH

BRAND MANAGEMENT, INC., a Colorado corporation
and SUSHI REDI, INC., a Colorado corporation,

      Plaintiffs,

v.

MARYLAND CASUALTY COMPANY, a Maryland corporation
and ZURICH NORTH AMERICA SERVICES, an Illinois corporation,

      Defendants.

_____

**ORDER ON PLAINTIFFS' MOTION TO STRIKE
DEFENDANT'S EXPERT WITNESSES**
_____

Before the Court is Plaintiffs' Motion to Strike Defendant Maryland Casualty Company's Designation of Catherine Wright Donnelly and William J. Warren as Expert Witnesses [Docket #36]. The matter is fully briefed and has been referred to this Court [Docket #37]. Oral argument would not materially assist the Court in adjudicating this motion. As set forth below, the Court **denies** the Motion to Strike.

**I.**    **Facts**

Plaintiffs purchased an insurance policy from Defendants and sought coverage based on losses allegedly covered by the policy. Plaintiffs allege that these losses occurred when *Listeria* contamination from a neighboring plant entered Plaintiffs' plant via shared drainage pipes. Defendant Maryland Casualty Company ("Maryland Casualty") tendered to Plaintiffs the amount it claims is due under the policy, which is not the full amount Plaintiffs believe is reimbursable. Plaintiffs argues that their facilities could not be restored, as required under the policy, and that they were required to

move. Defendants allege that Plaintiffs discovered the contamination prior to purchasing the insurance policy and that Plaintiffs' move was not covered by the terms of the policy because the facility could be restored to its previous condition. Defendants have filed a counterclaim seeking relief for false misrepresentation/concealment and reimbursement for the amount originally paid under the policy.

The instant motion relates to the experts designated by Maryland Casualty. Specifically, Maryland Casualty designated Catherine Wright Donnelly, a microbiologist, and William J. Warren, a building inspector, to testify regarding Plaintiff Sushi Redi's sanitation practices and the source of the *Listeria* contamination at the facility. Plaintiff argues that these matters are irrelevant to this case, and highly prejudicial, because the source of contamination is not at issue. Plaintiff contends that even if the contamination originated in its facility, Defendant Maryland Casualty is still obligated to reimburse Plaintiffs' damages. In response, Maryland Casualty argues that the source of contamination is directly relevant to the "period of restoration" under the policy, that is, the point at which Plaintiff Sushi Redi's facility was repaired, because if the contamination originated with Plaintiff, moving to a new facility was unnecessary to restore the facility. Plaintiffs' Reply argues that Defendants never disputed the source of contamination while adjusting the underlying claim and have only now raised the issue in litigation. Plaintiffs contend that reliance on one basis for denying coverage waives all other bases.

**II.     Discussion**

    **A.     Relevance**

Expert testimony must assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. Thus, the broad standard Defendants must meet is that of relevancy.

Both parties agree that this case centers on the "period of restoration" under the insurance policy. The parties' respective scope of this period differs drastically. Under the policy, the period of restoration begins with the date of the loss and ends on the *earlier* of:

a. The date when the property at the "described premises" should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

b. The date when business is resumed at a new permanent location.

Response at 3 (quoting Policy, Exh. A., p. 26).

Plaintiffs claim that the contamination originated from the drainage line shared with another company, and that the only means of restoring their business, or precluding future contamination, was to move to a new location. Plaintiffs also allege that King Soopers refused to purchase more sushi from Plaintiffs unless they moved. Defendants argue that the facility could be restored and Sushi Redi did not need to move, in part, because the contamination originated with Plaintiffs, and not the shared drainage line.

In this case, the relevant issue presented to the trier of fact is this: Under the policy quoted above, when did the period of restoration end? In other words, could the facility be repaired, or was it necessary for Plaintiffs to move? Presented with these issues, the Court finds that the source of contamination is of some relevance to the period of restoration and may assist the trier of fact. The source of contamination directly impacts the steps that must be taken to remove the threat and to restore the facility. While the evidence to be presented at trial is a matter for the trial judge to determine at that time, this Court cannot conclude that these experts are irrelevant under the current posture of this case.

3

### B. Waiver

Plaintiffs also argue Maryland Casualty waived the right to assert the source of contamination as a defense because it previously relied on a different reason for limiting coverage. Under Colorado law, once an insurance company denies coverage on one basis, it waives the right to later assert another basis for its denial. *Federal Life Ins. Co. v. Wells*, 56 P.2d 936, 938 (Colo. 1936); *see also United States Fidelity & Guar. Co. v. Budget Rent-A-Car Sys., Inc.*, 842 P.2d 208, 210 (Colo. 1992).

In this case, Maryland Casualty stated that it appears the contamination entered through the drainage system and limited coverage because it concluded that cleaning the facility was sufficient to restore the facility. Plaintiffs allege that cleaning was not sufficient to restore the facility because contamination was likely to occur again because of the neighboring operations. Whether the contamination originated from a neighboring plant or Sushi Redi's facility does not change Maryland Casualty's position that cleaning was sufficient to restore the facility. Thus, the Court believes that Maryland Casualty's assertion of an alternative source of the contamination does not constitute a change in its basic premise that the facility was restored after it was cleaned and cleared for operation to constitute waiver, as a matter of law.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion to Strike Defendant Maryland Casualty Company's Designation of Catherine Wright Donnelly and William J. Warren as Expert Witnesses [Filed August 2, 2006; Docket #36] is **denied**. Plaintiffs have failed to establish a lack of relevance of these experts to the "period of restoration" at issue in this case, and Defendants have not, as a matter of law, waived their right to assert a new source for contamination given their continued argument that cleaning the facility was a sufficient restoration.

Dated at Denver, Colorado, this 19th day of September, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge