IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02293-PSF-MEH

BRAND MANAGEMENT, INC., a Colorado corporation; and
SUSHI REDI, INC., a Colorado corporation,

    Plaintiffs,

v.

MARYLAND CASUALTY COMPANY, a Maryland corporation; and
ZURICH NORTH AMERICA SERVICES, an Illinois corporation,

    Defendants.

---

## ORDER OVERRULING PLAINTIFFS' OBJECTION TO ORDER OF MAGISTRATE JUDGE DATED SEPTEMBER 19, 2006

---

This matter is before the Court on Plaintiffs' Objection to Magistrate Judge's Order (Dkt. # 51), filed October 4, 2006.  The Order of the Magistrate Judge entered on September 19, 2006 (Dkt. # 47) denied plaintiffs' motion to strike two expert witnesses designated by defendants.  Defendant filed its response to the Objection on October 13, 2006 (Dkt. # 57).  The matter is ripe for determination.

Plaintiffs assert the anticipated testimony of the two experts is not relevant to the issues in the case, or relates to a reason for denial of coverage which was waived by defendant.

The Order of the Magistrate Judge relates to a nondispositive matter, and according to Rule 72(a), F.R.Civ.P., and 28 U.S.C. § 636(b)(1)(A) this Court may modify or set aside the Order of the Magistrate Judge if it is clearly erroneous or

contrary to law. This Court does not so find, and therefore the plaintiffs' Objection is overruled for the following reasons:

As stated by the Magistrate Judge, relevancy of evidence at trial is broadly defined, and defendant's showing of some possible relevance of the tendered expert testimony is sufficient to meet the definition at this stage of the case. In addition, because the expert testimony may contribute to the factfinder's understanding of the meaning and application of the coverage of the policy under the phrase "restoration period" the testimony appears to relate to a defense asserted by the defendant and a fact matter that is at issue in this case.

At trial, aspects of the experts' testimony may well be disallowed as irrelevant. However, at this juncture in the litigation, and for the reasons set forth above, plaintiff's Objection (Dkt. # 51) is OVERRULED without prejudice.

DATED: October 25, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge